IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | Cause No. CV 14-73-H-DLC-RKS<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Petitioner Michael P. Dunsmore has applied for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Dunsmore is a state prisoner proceeding pro se.

Mr. Dunsmore's motion and supporting account statement have sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

The petition, however, should be dismissed. Before filing a federal habeas petition, a state prisoner must present in state court all claims he wishes to present in federal habeas. In addition, he may file only one federal habeas petition with respect to the conviction he seeks to challenge. *See* 28 U.S.C. §§ 2244(b), (d), 2254(b)(1); *Rose v. Lundy*, 481 U.S. 509, 520 (1982). Mr. Dunsmore's petition states that: "This matter is now in the Appeal process case No: Da-14-0087." Pet. (Doc. 1) at 2 (referring to *State v. Dunsmore*, No. DA 14-0087 (Mont. filed Feb. 6,

1

2014), *available at* http://supremecourtdocket.mt.gov (accessed Dec. 5, 2014)). The pending appeal is Mr. Dunsmore's appeal following his conviction and sentencing. Therefore, Mr. Dunsmore has not exhausted any claim. His filing in this Court is premature.

The petition should be dismissed without prejudice. A certificate of appealability is not warranted. Regardless of whether Mr. Dunsmore makes a substantial showing of a constitutional violation, 28 U.S.C. § 2253(c)(2), there is no doubt about the procedural ruling because he has not properly exhausted his claims, *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

**ORDER**

The motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Dunsmore may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Dunsmore must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 8th day of December, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.